UNITED STATES, Appellee

v.

Collin J. CARTER, Private First Class
U.S. Army, Appellant

No. 14-0792

Crim. App. No. 20121046

United States Court of Appeals for the Armed Forces

Argued February 11, 2015

Decided June 10, 2015

BAKER, C.J., delivered the opinion of the Court, in which
ERDMANN, RYAN, and OHLSON, JJ., joined. STUCKY, J., filed a
separate opinion concurring in the result.

<u>Counsel</u>

For Appellant: Captain Patrick A. Crocker (argued); Colonel
Kevin Boyle (on brief); Lieutenant Colonel Jonathan F. Potter.

For Appellee: Captain Jihan Walker (argued); Colonel John P.
Carrell and Major John K. Choike (on brief); Lieutenant Colonel
James L. Varley and Major A. G. Courie III.

Military Judge: Wendy P. Daknis

**<u>THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION</u>.**

Chief Judge BAKER delivered the opinion of the Court.

A general court-martial composed of officer and enlisted members convicted Appellant, contrary to his pleas, of one specification of an indecent act in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2012). The panel sentenced Appellant to six months of confinement, reduction to E-1, forfeiture of all pay and allowances, and a bad-conduct discharge. Appellant was awarded twenty-seven days of confinement credit: two of those days were for pretrial confinement and twenty-five days for Article 13, UCMJ, 10 U.S.C. § 813 (2012), violations. The convening authority approved the sentence, which included the twenty-seven days of credit, and the United States Army Court of Criminal Appeals affirmed.

This Court granted review of the following issue:

> WHETHER THE MILITARY JUDGE ABUSED HER DISCRETION BY PREVENTING DEFENSE COUNSEL FROM PRESENTING FACTS OF APPELLANT'S UNLAWFUL PRETRIAL PUNISHMENT AS MITIGATION EVIDENCE AT SENTENCING.

For the reasons set forth below, we hold that the military judge did not abuse her discretion when, based upon her reasoned interpretation of case law, she determined that Appellant could not present the Article 13, UCMJ, violations to the panel members as mitigation evidence after already being awarded confinement credit by the military judge based upon that same evidence. We also conclude, however, that the law does not

2

create a per se rule against the accused being allowed to present evidence of an Article 13, UCMJ, violation to the military judge and also to the panel, so long as that evidence is otherwise admissible pursuant to the relevant rules of evidence and procedure.

Presenting Article 13, UCMJ, evidence in these two different contexts serves two distinct purposes. A military judge considers evidence of Article 13, UCMJ, violations to determine, as a matter of law, whether the accused is entitled to credit for the government's conduct. However, when a panel considers that same evidence properly admitted as mitigation on sentencing, it is doing so for the purpose of determining an appropriate sentence for an appellant's conduct. As with other evidence offered in sentence mitigation, this evidence is subject to Military Rule of Evidence (M.R.E.) 403 balancing, rebuttal, and instruction.

## Background

In April 2012 at or near Camp Casey, Republic of Korea, Appellant was reported to have engaged in sexual conduct with CG while she was substantially incapacitated and while other soldiers were present. When Appellant was called into questioning, he was, according to defense counsel, "subjected to significant unlawful pretrial punishment."

3

At trial, defense counsel moved for confinement credit on the basis that Appellant was subjected to restrictions which amounted to unlawful pretrial punishment, in violation of Article 13, UCMJ. Defense counsel initially asked for forty-five days of confinement credit. Before the military judge ruled on the motion, however, trial and defense counsel agreed upon twenty-five days of credit for the unlawful pretrial punishment. When asked by the military judge whether he agreed with the number of days of credit awarded, Appellant said yes.

Following the confinement credit agreement, defense counsel attempted to introduce a witness at presentencing to testify about the pretrial violations. Trial counsel objected on the basis of relevancy. In response defense counsel argued the testimony was relevant in mitigation to the possible sentence. The military judge at this point sustained the objection finding that the issue had already been addressed with the confinement credit.

Later in the proceedings, however, the military judge gave defense counsel an opportunity to further elaborate on the relevance of the testimony. Defense counsel explained that the Article 13, UCMJ, violations could serve as mitigating evidence as the members contemplated the appropriate sentence. After reconsideration, the military judge again sustained the Government's objection. She specifically based her decision on

existing case law discussing Article 15, UCMJ, 10 U.S.C. § 815 (2012), nonjudicial punishment which, according to the military judge, is analogous to Article 13, UCMJ, and should be interpreted to mean that defense counsel "has an option as to how to present that evidence; one of four ways." See United States v. Gammons, 51 M.J. 169, 183 (C.A.A.F. 1999). Those four options include: (1) introducing the evidence for consideration by the court-martial during sentencing; (2) introducing the evidence during an Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2012), session and having that evidence adjudicated by the military judge for the purpose of receiving credit; (3) presenting evidence to the convening authority before action is taken on the sentence; or (4) choosing not to raise the issue for any sentencing purpose. Gammons, 51 M.J. at 183. She additionally explained that since defense counsel already chose to present that evidence to the military judge in the context of seeking pretrial confinement credit, giving defense counsel a second opportunity to present the evidence, this time for sentence mitigation, would effectively be giving Appellant a "second bite at the apple."

## Standard of Review

A military judge's decision to admit or exclude evidence at sentencing is reviewed for an abuse of discretion. United States v. Stephens, 67 M.J. 233, 235 (C.A.A.F. 2009). The

admission of sentencing evidence is subject to the M.R.E. 403 balancing test and the substantive law and procedures set forth in Rule for Courts-Martial (R.C.M.) 1001.  United States v. Manns, 54 M.J. 164, 166 (C.A.A.F. 2000) (citing United States v. Rust, 41 M.J. 472, 478 (C.A.A.F. 1995)).  A military judge is given "'wide discretion'" and more deference if she properly conducts the balancing test and articulates her reasoning on the record.  Id. (quoting Rust, 41 M.J. at 478).

Discussion

1.  Legal Background

The military judge in this case relied primarily on this Court's decisions in Gammons, 51 M.J. 169, and United States v. Southwick, 53 M.J. 412 (C.A.A.F. 2000), overruled on other grounds by United States v. Inong, 58 M.J. 460, 464 (C.A.A.F. 2010), to find that defense counsel must choose between presenting evidence of Article 13, UCMJ, violations to the military judge in seeking confinement credit, or presenting the same evidence to the panel for the purpose of sentence mitigation.

In Gammons, a case pertaining to evidence of Article 15, UCMJ, nonjudicial punishment (NJP), this Court suggested that, "the accused, as gatekeeper, may choose whether to introduce the record of a prior NJP . . . and may also choose the forum for making such a presentation."  51 M.J. at 183.  The opinion went

on to list the four alternatives available to defense counsel for presenting the evidence, and it is from this discussion that our subsequent Southwick decision, which dealt with Article 13, UCMJ, violations, derives. See Southwick, 53 M.J. at 416.

Specifically, in Southwick this Court stated that a decision concerning how to present evidence was a "trial tactic . . . because [it] involved an election between two available alternatives." Id. (citing Gammons, 51 M.J. at 182-84). In characterizing the election between the members or military judge as a trial tactic, however, the only specific support Southwick cites is the dicta in Gammons.[1] Id. Moreover, the ultimate question before the Court in Southwick was a waiver issue, not a question as to whether defense counsel was precluded from presenting evidence of Article 13, UCMJ, violations both for credit and in mitigation. As a result, these cases did not create a clear and binding precedent concerning the question before us now of whether, when there is evidence of an Article 13, UCMJ, violation, that evidence can be presented to the military judge for confinement credit and then subsequently, to the panel in connection with the issue of sentence mitigation.

---

[1] The Southwick opinion also cites United States v. Edwards, 42 M.J. 381 (C.A.A.F. 1995) for support, though the context in that case was slightly different as it concerned a bench trial and thus the election between the military judge and the convening authority, not members, in seeking relief.

The fact that this question remains unresolved despite the Gammons and Southwick cases was further highlighted in United States v. Barnett, 71 M.J. 248, 253-54 (C.A.A.F. 2012) (Erdmann, J., concurring specially).  Although not the issue on appeal, the underlying facts of that case showed that defense counsel did present Article 13, UCMJ, evidence twice:  first to a military judge and then to a panel.  Id. at 250.  Trial counsel did not oppose the presentation to members and the military judge also allowed it.  Id.  And notably, when this Court heard oral argument in the present case, Government counsel conceded that Article 13, UCMJ, evidence can be presented to both the military judge and the sentencing authority.  These facts underscore the inconsistency and confusion that exists in court-martial practice as it relates to Article 13, UCMJ, evidence presentation.  Judge Erdmann's special concurring opinion in Barnett noted that the question as to whether or not defense counsel can present Article 13, UCMJ, evidence to both the military judge and the panel remains unanswered.  Id. at 253-54 (Erdmann, J., concurring specially).

It is to this continuing uncertainty we turn.

   2.  Presenting Article 13, UCMJ, Evidence

We start with three propositions.

First, the question of whether an accused was unlawfully punished under Article 13, UCMJ, is one that includes a finding

8

of law, and thus is a question that must be answered by the military judge. United States v. Spaustat, 57 M.J. 256, 260 (C.A.A.F. 2002) ("The proper applications of credit for illegal pretrial punishment . . . are questions of law, reviewed de novo."). The Military Judges' Benchbook specifically instructs the military judge in an Article 39(a), UCMJ, session without members present, to ask defense counsel whether the accused was subject to any Article 13, UCMJ, pretrial punishment. Dep't of Army, Pam. 27-9, Legal Services, Military Judges' Benchbook ch. 2, § V, para. 2-5-15 (2014). If the military judge is convinced by the evidence presented that it is "more likely than not [the accused] suffered from illegal pretrial punishment, then [the accused] would be entitled to (additional) credit against any sentence." Id. at § VII, para. 2-7-11.

Second, Article 13, UCMJ, credit is distinct from NJP credit and should not be treated in the same way. "Article 13, UCMJ, credit is provided for conduct in which the government has already engaged. In other words, it is relief for the government's conduct, not a sentencing factor related to the accused's offense." Barnett, 71 M.J. at 255 (Baker, C.J., concurring in part and in the result). It is the military judge who awards Article 13, UCMJ, credit as a matter of law whereas it is the trier of fact who assesses mitigation evidence as a matter of sentence assessment and discretion. Where an accused

9

has already received credit for NJP, he would indeed get "double credit" for the same restriction were members to award him credit as well. Should members take Article 13, UCMJ, evidence into account when assessing a sentence, however, the accused is not receiving credit twice for the same conduct. This is, indeed, a case of apples and oranges. See Barnett, 71 M.J. at 255 (Baker, C.J., concurring in part and in the result). Thus, an accused should not have to choose between presenting a question of law to the military judge or to members. As a question of law, the military judge should determine whether the government has violated Article 13, UCMJ, and whether credit is due.

Third, as a distinct matter, after a guilty finding, defense counsel may present "[m]atter[s] in mitigation" which is evidence introduced "to lessen the punishment to be adjudged by the court-martial, or to furnish grounds for a recommendation of clemency." R.C.M. 1001(c)(1)(B). However, the opportunity to do so remains subject to the rules of evidence and procedure. Although the rules of evidence can be relaxed by a military judge during sentencing, R.C.M. 1001(c)(3), mitigation evidence also remains subject to M.R.E. 402 and M.R.E. 403. Additionally, if defense counsel chooses to present the Article 13, UCMJ, violations to the panel for purposes of sentence

mitigation, trial counsel may rebut the evidence, subject to the same rules of evidence.

As is the case with Article 15, UCMJ, credit for NJP, the military judge should, as necessary, give tailored instructions to the panel members to distinguish between Article 13, UCMJ, credit addressed to the government's conduct, and the use of such evidence in mitigation. The evidence of Article 13, UCMJ, violations coupled with the number of days of confinement credit already awarded can thereby be weighed as part of the totality of the evidence the panel members consider when determining the appropriate sentence for the accused. See Barnett, 71 M.J. at 254 (Baker, C.J., concurring in part and in the result) ("These questions required a tailored response rather than a repeat of the standard instruction.").

Prior case law indicates that when and whether to raise Article 13, UCMJ, is a matter of trial tactics. It remains so. In choosing to present the Article 13, UCMJ, evidence to the panel, including the number of days already credited the accused, defense counsel may even risk that the panel members consider that factor in favor of a harsher sentence than would have been assessed without knowledge of the credit. It is for that same reason, however, that allowing a military judge to first determine whether Article 13, UCMJ, violations occurred as a matter of law and awarding confinement credit where relevant,

and subsequently allowing a panel to consider the totality of the evidence -- including that there was an Article 13, UCMJ, violation -- does not provide defense counsel two bites at the apple.  Rather, the evidence is at play in two different stages of the trial, and presented for different purposes.

### 3. The Military Judge Did Not Abuse Her Discretion

Nonetheless, we conclude in this case that the military judge did not abuse her discretion in ruling against Appellant. At the time, she was presented with what was expressly acknowledged by Judge Erdmann's special concurrence in Barnett, 71 M.J. at 253-54, as an unsettled question of law and, relying on the relevant cases including Gammons and Southwick, provided on the record sound reasoning to support her ruling.  Notably, the military judge made a point of researching the relevant law, and stated, for the record, the logical steps she took to reach her conclusion.  She grappled first with the link between Article 13, UCMJ, and Article 15, UCMJ, cases by relying on Southwick, concluding that the articles "can be treated similarly in terms of how the evidence is presented to the panel members."  By linking Article 13, UCMJ, and Article 15, UCMJ, she then could rely on the Gammon language, as Southwick did, to support her conclusion that raising a motion for confinement credit, and then also introducing the Article 13, UCMJ, evidence to panel members, was giving defense counsel "two bites at the

12

apple."[2]  As she weighed the law and evidence before her,
articulated for the record why she reached her conclusion, and
her findings were not clearly erroneous, the military judge did
not abuse her discretion.

## Conclusion

The military judge in this case did not abuse her
discretion in ruling that defense counsel could not present
evidence of Article 13, UCMJ, violations for sentence mitigation
after first presenting it to the military judge and receiving
confinement credit.  We also clarify the law and conclude,
however, that there is no per se rule against defense counsel
presenting evidence of Article 13, UCMJ, violations to both the
military judge, for a finding of law, and to the panel, for the
purpose of sentencing.  Therefore, the decision of the United
States Army Court of Criminal Appeals is affirmed.

---

[2] She also acknowledged that in Barnett, 71 M.J. 248, defense
counsel did present the evidence twice, but subsequently
determined that Barnett was not applicable because, unlike in
the present case, trial counsel had failed to object to defense
counsel's presentation of evidence.

United States v. Carter, No. 14-0792/AR

STUCKY, Judge (concurring in the result):

In essence, the majority concludes that an appellant may seek credit for illegal pretrial punishment from the military judge and still present evidence of such illegal pretrial punishment to the court members as mitigation.  Under this Court's current jurisprudence and interpretation of Rule for Court-Martial 1001(c)(2), I agree.  I disagree with the Court's holding that the military judge did not abuse her discretion in excluding the evidence.  Nevertheless, I concur in the result because Appellant was not prejudiced.

A military judge abuses her discretion if her findings of fact are clearly erroneous or her conclusions of law are incorrect.  United States v. Olson, 74 M.J. 132, __ (5) (C.A.A.F. 2015).  The Court correctly holds that the military judge's conclusion of law -- that Appellant was not entitled to both request credit from the military judge for illegal pretrial punishment and present evidence of such to the court members -- was incorrect.  Therefore, the military judge abused her discretion.

It matters not that the law was "unsettled" at the time of her decision.  "[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the

past." Griffith v. Kentucky, 479 U.S. 314, 328 (1987); see also Henderson v. United States, 133 S. Ct. 1121, 1124–25 (2013) (holding that even when an appellate court reviews for plain error because the appellant failed to timely assert his claim at trial, whether the law was settled or unsettled at the time of trial, the error is plain as long as it was plain at the time of appellate review). Appellant raised the issue at trial and is entitled to the benefit of this Court's ruling that the excluded evidence was admissible.

Nevertheless, I conclude Appellant was not prejudiced by the military judge's error. See Article 59(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 859(a) (2012). Appellant was convicted of committing an indecent act, which carried a maximum sentence of a dishonorable discharge and confinement for five years. Manual for Courts-Martial, United States pt. IV, ¶ 45.f.(6) (2008 ed.). Had the military judge permitted Appellant to present the excluded evidence, she no doubt would have instructed the members that the parties had agreed, and she had ordered, that Appellant was entitled to a credit of twenty-five days against any sentence to confinement because of the illegal pretrial punishment. A defense witness testified that he was aware that Appellant had wrongfully used a Schedule II controlled substance and had urinated on his commander's vehicle. Court members sentenced Appellant to a bad-conduct

discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade.  In light of all of the facts and circumstances, the error in excluding the evidence did not have a substantial influence on the sentence adjudged by the court-martial.  See United States v. Custis, 65 M.J. 366, 371 (C.A.A.F. 2007).