# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class JOSEPH R. SCHER
### United States Air Force

## ACM S32329

## 3 November 2016

Sentence adjudged 5 June 2015 by SPCM convened at Ramstein Air Base, Federal Republic of Germany. Military Judge: Donald R. Eller, Jr. (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 45 days, and reduction to E-1.

Appellate Counsel for Appellant: Captain Patricia Encarnación Miranda.

Appellate Counsel for the United States: Major Mary Ellen Payne; Gerald R. Bruce, Esquire; and Morgan L. Herrell (civilian intern).[1]

Before

DREW, J. BROWN, and MINK
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

DREW, Chief Judge:

At a special court-martial composed of a military judge sitting alone, Appellant was convicted, in accordance with his pleas, of two specifications of wrongful use of 3,4-methylenedioxymethamphetamine ("ecstasy"), a Schedule I controlled substance, and one specification of wrongful use of marijuana, all in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The court sentenced Appellant to a bad-conduct discharge, confinement for 75 days, and reduction to the grade E-1. Pursuant to Appellant's pretrial agreement,

---

[1] Ms. Herrell was a law student extern with the Air Force Legal Operations Agency and was at all times supervised by attorneys admitted to practice before this court during her participation.

the convening authority approved confinement for only 45 days, but otherwise approved the sentence as adjudged.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant contends that the military judge erred in admitting Prosecution Exhibit 7, a video of some other Airmen using ecstasy in Appellant's on-base dormitory room, and that Appellant received illegal pretrial punishment. Finding no error materially prejudicial to a substantial right of Appellant, we affirm the findings and the sentence.

## *Background*

In early February of 2015, Appellant, who was assigned to Ramstein Air Base in the Federal Republic of Germany, traveled to Amsterdam, the Netherlands, with some fellow enlisted Airmen. While in Amsterdam, Appellant wrongfully used marijuana and ecstasy with several of the Airmen. On 27 February 2015, in his dorm room on Ramstein Air Base, Appellant again wrongfully used ecstasy with some of the same Airmen and others. In mid-March of 2015, Appellant once again wrongfully used ecstasy, this time in the dorm room of another Airman on Ramstein Air Base.

## *Admission of Video during Presentencing*

Appellant asserts that the admission of a video of other Airmen using drugs in his room on the evening that he too used drugs in his room was not properly admissible in sentencing.

Unbeknownst to Appellant at the time, one of his fellow Airmen was a confidential informant. That informant secretly video recorded some of Appellant's fellow Airmen using ecstasy in Appellant's dorm room on 27 February, the same evening that he used ecstasy in his room in their presence. However, the recording did not depict Appellant or his drug use.

At trial, pursuant to a pretrial agreement, Appellant entered a provident guilty plea to all specifications. In addition to describing his drug use in Amsterdam in early February and in another Airman's dorm room in mid-March, Appellant described for the military judge his 27 February wrongful use of ecstasy in his own dorm room in the presence of other Airmen.

Appellant voluntarily entered into a stipulation of fact, Prosecution Exhibit 1, wherein he expressly admitted that certain facts and matters "are true and admissible for all purposes in the case of *United States v. Airman First Class Joseph R. Scher*." Paragraph seven of the stipulation contained the following:

> On 27 February 2015, A1C [BN], A1C [TW], 86th Communi-
> cations Squadron, A1C [JG], 86th Aircraft Maintenance
> Squadron, A1C [RS], 786th Force Support Squadron, and

A1C [KP] came to [Appellant's] dormitory room on Ramstein AB, Germany. While there, [Appellant] witnessed others crushing up ecstasy pills and MDMA on a dresser, and snorting the drugs through a monetary bill of unknown denomination. [Appellant] then snorted approximately two lines of crushed ecstasy through the bill.

As part of discussing with the military judge the potential uses of the stipulation of fact, Appellant told the military judge that everything in it was true and he believed it was in his best interest to enter into the stipulation. Without objection from the Defense, the military judge ultimately admitted the stipulation into evidence. During the providence inquiry, the military judge and Appellant referenced paragraph seven of the stipulation of fact when discussing the facts and circumstances of Appellant's wrongful drug use.

After the military judge accepted the Appellant's plea and found him guilty, the Prosecution presented the testimony of A1C KP during presentencing. Among other things, and without objection from the Defense, A1C KP testified about being present in Appellant's dorm room on 27 February along with several other Airmen and witnessing several of them using ecstasy there. At that point, the assistant trial counsel offered Prosecution Exhibit 7, the video recorded by the confidential informant.

Appellant's trial defense counsel objected to the video on the basis that Appellant was not depicted in the video and that the video does not qualify as evidence in aggravation under Rule for Courts-Martial (R.C.M.) 1001(b)(4). After viewing the video and allowing the Prosecution to elicit testimony about it from A1C KP, the military judge ruled that the Prosecution had adequately established a foundation, authenticated Prosecution Exhibit 7, and, in conjunction with Appellant's statements during the plea providence inquiry and paragraph seven of the stipulation of fact, Prosecution Exhibit 7 was relevant and admissible during presentencing. The military judge stated:

The court can keep this in its appropriate context to the extent [Appellant] is not depicted on here is fine. I am able to consider the situation, the circumstances [Appellant] has described and it does provide some context to what was going on in the room. To that end I can give it the appropriate weight that I think it is due, but it is proper under RCM 1001 as a matter in aggravation, being facts and circumstances of the offense.

The trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty. This evidence includes evidence of the impact of Appellant's offenses on the mission, discipline, or efficiency of the command. R.C.M. 1001(b)(4). In addition, the court-martial may consider evidence properly introduced on the merits before findings, including

evidence of other offenses or acts of misconduct even if introduced for a limited purpose. R.C.M. 1001(f).

Aggravation evidence is often presented through a stipulation of fact, but may also be presented through other means, such as witness testimony or the accused's own statements. *United States v. Gogas*, 55 M.J. 521, 523 (A.F. Ct. Crim. App. 2001). The video, supported by the witness testimony, the stipulation of fact, and Appellant's statements during the providence inquiry, is another example of the proper means of introducing aggravation evidence.

We review a military judge's ruling on the admissibility of sentencing evidence for an abuse of discretion. *United States v. Carter*, 74 M.J. 204, 206 (C.A.A.F. 2015). The military judge is given wide discretion. *Id*. at 207.

It is an aggravating circumstance of Appellant's wrongful drug use that he did so in his military dorm room and made his dorm room available to facilitate illegal drug use by other military members. This fact had already been admitted by Appellant in paragraph seven of the stipulation of fact and during his providence inquiry. The video merely more accurately portrayed these aggravating circumstances. The fact that Appellant was not depicted on the video is not dispositive of its relevance or admissibility. It displayed how Appellant had transformed his government-issued dorm room into an illegal drug den for fellow Airmen and was evidence of the precise conditions of his own drug use moments later.

Regardless, the military judge stated that he could give the video its appropriate weight, and reviewing the record, we have no reason to believe otherwise. "Military judges are presumed to know the law and to follow it absent clear evidence to the contrary." *United States v. Rapert*, 75 M.J. 164, 170 (C.A.A.F. 2016) (quoting *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007)). As we are convinced the military judge did not consider this evidence for any improper purpose and the events depicted in the video were already before the military judge as part of the stipulation of fact and providence inquiry, a material right of Appellant was not prejudiced by the admission of the video during presentencing.

*Pretrial Punishment*

Appellant next argues, for the first time on appeal, that he was subjected to illegal pretrial punishment. To support this assertion, he argues that he was denied leave prior to trial and that, after his security clearance was revoked, he and four other unidentified military members performed "cleaning jobs."

> No person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon

the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances required to insure his presence, but he may be subjected to minor punishment during that period for infractions of discipline.

Article 13, UCMJ, 10 U.S.C. § 813.

The issue of unlawful pretrial punishment is a mixed question of law and fact. The question of whether Appellant is entitled to sentence credit for an Article 13, UCMJ, violation is reviewed de novo. *United States v. Williams*, 68 M.J. 252, 256 (C.A.A.F. 2010). However, failure at trial to seek sentence relief for violations of Article 13 results in a forfeiture of that issue on appeal, absent plain error. *United States v. Inong*, 58 M.J. 460, 465 (C.A.A.F. 2003).[2]

Not only did Appellant fail to seek sentence relief from the military judge at trial, subjecting himself to possible forfeiture, Appellant affirmatively waived the issue in order to benefit from a pretrial agreement with the convening authority. In paragraph 2(e) of his pretrial agreement, Appellant agreed to "[w]aive all motions which may be waived under the Rules for Courts-Martial." An Article 13 unlawful pretrial punishment motion is one of those matters which may properly be waived in a pretrial agreement. *United States v. McFadyen*, 51 M.J. 289, 291 (C.A.A.F. 1999). The military judge spent more than two pages in the record of trial discussing with Appellant and his trial defense counsel the meaning and implications of the waiver in his pretrial agreement, to include the fact that the waiver was preventing the military judge and this court from reviewing any and all waived motions. Finally, the military judge specifically asked Appellant and trial defense counsel whether either thought Appellant had been subject to pretrial punishment. Consistent with his counsel's response, Appellant responded "No, sir."

Appellant asks this this court to give him relief for what he now claims is unlawful pretrial punishment. We decline to do so. The military judge's thorough discussion with Appellant about the issue of waiver and whether he had in fact been subjected to pretrial punishment expressly waived the issue at trial and on appeal. Appellant intentionally abandoned a known right and therefore extinguished the opportunity to raise this issue on appeal. Even if we chose not to apply waiver, nothing in Appellant's declaration claiming pretrial punishment compels a different result.

---

[2] Although *Inong* speaks of waiver absent plain error, we believe this is more accurately described as forfeiture absent plain error. *See United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009).

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of Court

ACM S32329