**UNITED STATES**

v.

**Jonathan D. EDWARDS, Private First Class (E–2), U.S. Marine Corps.**

**NMCCA 200600836.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 19 Jan. 2006.

Decided 21 Feb. 2007.

LT A.M. Souders, JAGC, USN, Appellate Defense Counsel.

CDR Michael J. Wentworth, JAGC, USNR, Appellate Defense Counsel.

LT Jessica M. Hudson, JAGC, USMC, Appellate Government Counsel.

LCDR R.W. Sardegna, JAGC, USN, Appellate Government Counsel.

Before VOLLENWEIDER and ROLPH, Senior Judges, and COUCH, Appellate Military Judge.

COUCH, Judge:

The appellant was convicted, pursuant to his pleas, by a military judge sitting as a special court-martial, of failure to go to an appointed place of duty, three specifications of willful disobedience of a superior commissioned officer, false official statement, two specifications of wrongful use of marijuana, and breaking restriction on divers occasions, all in violation of Articles 86, 90, 107, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 890, 907, 912a, and 934. The appellant was sentenced to confinement for 150 days, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged, but suspended all confinement in excess of 90 days pursuant to the terms of a pretrial agreement. After considering the record of trial, the appellant's three assignments of error, and the Government's response, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

## Background

On 21 October 2005, the appellant received nonjudicial punishment for wrongful use of marijuana, and was awarded 60 days restriction as part of his punishment. The commanding officer who awarded the punishment outlined various limits and prohibitions of the restriction in a written order. Under the restriction order, the appellant was limited to going to the chow hall, the base exchange (with permission of the duty noncommissioned officer (NCO)), to and from work, and was required to check in with the duty NCO every two hours. Record at 32. Among the prohibitions of the order were that the appellant could not drive or ride as a passenger in a privately-owned vehicle (POV), drink alcoholic beverages, or visit with family members in the barracks unless he checked them in with the duty NCO. *Id.*

at 20. The written order was provided to the appellant by a corporal on 21 October 2005.

On the day after his nonjudicial punishment, 22 October 2005, the appellant rode with his wife in her POV out to the base exchange, drank some alcohol, and came back to the barracks. *Id.* at 22. While at the base exchange, the appellant was recognized by the corporal who had given him the restriction papers. When the corporal asked the appellant what he was doing at the base exchange, he told her falsely that the duty NCO had allowed him off of restriction. *Id.* at 24. On 3 November 2005, the appellant consumed alcohol in the barracks, and allowed his wife to visit him without checking her in with the duty NCO. *Id.* at 23. Between 22 October and 15 November 2005, the appellant stated that he went beyond the limits of his restriction five or six times when he would "drive out in town and meet up with [his] friend" who provided the appellant marijuana on two occasions. *Id.* at 33, 27.

### Insufficient Providence Inquiry

█ The appellant's first assignment of error claims that the military judge erred in accepting the appellant's plea of guilty to three specifications of willful disobedience of a superior commissioned officer, because there is no factual basis to conclude the appellant was "willfully disobedient" of his commanding officer's restriction order.

A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion. Pleas of guilty should not be set aside on appeal unless there is a substantial basis in law and fact for questioning the guilty plea. *United States v. Phillippe*, 63 M.J. 307, 309 (C.A.A.F.2006)(quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). The factual predicate for a guilty plea is sufficiently established if " 'the factual circumstances as revealed by the accused himself objectively support that plea....' " *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F.1996)(quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980)). In light of the appellant's guilty plea, this issue "must be analyzed in terms of the providence of his plea, not sufficiency of the evidence." *Id.*

The record clearly reflects that the appellant received a restriction order from his commanding officer that prohibited him from riding in a POV, drinking alcohol, and visiting with his wife without checking her in with the duty NCO. The record is equally clear that the appellant intentionally defied his commanding officer—a superior commissioned officer—in each of these respects because he "just kind of broke [the rules]" while on restriction, "figured he could get away with [breaking the rules]," and "just kind of gaffed [the order] off." Record at 20, 23; *see* MANUAL FOR COURTS-MARTIAL, UNITED STATES (2005 ed.), Part IV, ¶ 14. The appellant admitted it was "a freely made decision on [his] part to disobey the command on each incident." Record at 23. We conclude that the appellant's guilty pleas to Charge II and its three specifications were provident.

### Multiplicity and Unreasonable Multiplication of Charges

In his second assignment of error, the appellant asserts that his convictions of willful disobedience of a superior commissioned officer (Specifications 1, 2, and 3 under Charge II) and breaking restriction (sole specification under Charge V) are multiplicious and constitute an unreasonable multiplication of charges. We disagree.

█ Regarding multiplicity, the appellant forfeited that issue when he entered unconditional pleas of guilty to all charges and specifications, where the charges and specifications are not facially duplicative. *United States v. Heryford*, 52 M.J. 265, 266 (C.A.A.F.2000); *United States v. Lloyd*, 46 M.J. 19, 20 (C.A.A.F.1997). We find that the charges and specifications are not facially duplicative. In any case, the military judge found *sua sponte* that Charge II and Charge V were multiplicious for sentencing, thus no plain error exists as the appellant is unable to show prejudice. Record at 61; *see United States v. Powell*, 49 M.J. 460 (C.A.A.F.1998).

█ Turning to the contention that there has been an unreasonable multiplication of charges, we consider five factors set forth in *United States v. Quiroz*, 57 M.J. 583, 585–86 (N.M.Ct.Crim.App.2002)(en banc), *aff'd*, 58

M.J. 183 (C.A.A.F.2003)(summary disposition). We also consider RULE FOR COURTS-MARTIAL 307(c)(4), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2005 ed.), Discussion, which provides the following guidance: "What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person."

Applying the non-exclusive *Quiroz* factors and the guidance provided by R.C.M. 307, we conclude that:

1. The appellant did not object to being charged with both willful disobedience of a superior commissioned officer and breaking restriction at trial;

2. The charges are aimed at distinctly separate criminal acts;

3. The charges do not misrepresent or exaggerate the appellant's criminality;

4. The charges do not unreasonably increase the appellant's punitive exposure because the maximum punishment for breaking restriction is one month confinement and two-thirds forfeiture of pay for one month; and,

5. Charging the appellant with willful disobedience of a superior commissioned officer and breaking restriction was not overreaching by the prosecution. The willful disobedience charge addressed the appellant's violation of the prohibitions of the restriction order, whereas the breaking restriction charge addressed his violation of the geographic limits of the order on numerous occasions.

Clearly there was no "piling on" of the charges by the Government in this case, and we conclude that the appellant was not subject to an unreasonable multiplication of charges. Each of the appellant's violations of the restriction order was a specific criminal act on his part. The decision of the Government to charge his violations of the limits of his restriction as a single specification under Article 134 vice Article 90 arguably inured to his benefit by reducing his overall punitive exposure. Even if we were to conclude that there was an unreasonable

multiplication of charges, the error would be harmless, due to the military judge's *sua sponte* finding that the two offenses were multiplicious for sentencing.

## Rehabilitative Potential Evidence

The appellant's final assignment of error claims that the military judge erred by excluding evidence of the appellant's rehabilitative potential. We agree.

During presentencing, the trial defense counsel asked Gunnery Sergeant Fields if 1) he had an opinion as to the appellant's rehabilitative potential in the Marine Corps, 2) whether the appellant could still be an asset to the Marine Corps, and 3) whether he would still want the appellant as a member of his unit.[1] Record at 50, 51, 53. The trial counsel objected on the grounds that the questions called for an answer from the witness that would constitute "an opinion or a euphemism for whether or not to retain [the appellant]." *Id.* at 50. The military judge sustained all three objections, and in one instance denied the defense counsel's request to respond. *Id.* at 51. The witness was permitted to opine that the appellant did have rehabilitative potential *in society* and that he was capable of recovering from the consequences of his offenses. *Id.*

■■■ Evidence of rehabilitative potential presented by the defense, also known as "retention evidence," is classic matter in mitigation. *United States v. Griggs,* 61 M.J. 402, 409 (C.A.A.F.2005). The defense is allowed wide latitude in the presentation of such evidence, and is not bound by the restrictions of R.C.M. 1001(b)(5), which prohibits the Government from introducing "an opinion regarding the appropriateness of a punitive discharge or whether the accused should be returned to the accused's unit." *United States v. Hill,* 62 M.J. 271, 272 (C.A.A.F.2006)(quoting *Griggs,* 61 M.J. at 407). Moreover, evidence that a service-member can "continue to be an asset" to his unit and service or that he can still be of "great potential" to his service is valuable mitigation matter. *Griggs,* 61 M.J. at 410. The Government concedes that only the mili-

---

1. At defense counsel's request, the military judge had previously relaxed the evidentiary rules un-

der R.C.M. 1001(b). Record at 48.

tary judge's third ruling, regarding whether Gunnery Sergeant Fields would still want the appellant in his unit, was error under *Griggs*. Government Answer at 14 n. 2. However, we find the other two rulings also prohibited legitimate retention evidence that the defense was entitled to introduce. We hold that all three of Gunnery Sergeant Fields' opinions sought by the defense were clearly admissible under *Griggs*, and that the military judge committed error by excluding them.

█ We must now determine whether the error "substantially influenced the adjudged sentence." *Griggs*, 61 M.J. at 410. In doing so, we consider 1) the probative value and weight of the evidence; 2) the importance of the evidence in light of other sentencing considerations; 3) the danger of unfair prejudice resulting from the evidentiary ruling; and 4) the sentence actually imposed, compared to the maximum and to the sentence the trial counsel argued for. *Id.* at 413 (Crawford, J., dissenting) (citing *United States v. Saferite*, 59 M.J. 270, 274–75 (C.A.A.F.2004)).[2]

█ In this case, we find that the probative value and weight of the excluded evidence was low, given that Gunnery Sergeant Fields was able to give his opinion that the appellant had rehabilitative potential in society, and was "more than capable of recovering" from his mistakes. Record at 51. In light of other sentencing considerations— such as the appellant's prior nonjudicial punishment for marijuana use, his unsworn statement that he had learned from his mistakes and wanted a second chance, and letters from his mother and former high school principal attesting to his good character—the excluded evidence was less important. The danger of unfair prejudice resulting from the military judge's ruling was ameliorated by the opinion evidence Gunnery Sergeant Fields was allowed to give. The appellant was sentenced to 150 days of confinement, which was 30 days less than argued for by the trial counsel, and 215 days less than the

maximum which could have been awarded. He was not sentenced to any forfeiture of pay, although the trial counsel asked for "forfeiture of two-thirds his base pay for those 180 days." *Id.* at 57. Finally, we note that unlike *Griggs*, the sentence in this case was decided by a military judge alone and not members. Considering all of these factors, we conclude that the appellant was not prejudiced by the military's judge's erroneous evidentiary rulings, and that the errors did not substantially influence the adjudged sentence. *Griggs*, 61 M.J. at 410 (citing *United States v. Boyd*, 55 M.J. 217, 221 (C.A.A.F.2001)).

### Conclusion

Accordingly, we affirm the findings and the sentence, as approved by the convening authority.

Senior Judge VOLLENWEIDER and Senior Judge ROLPH concur.

---

2. We elect to apply the *Saferite* factors suggested by Judge Crawford in her dissent because they provide a more thorough framework for determining whether the error influenced the adjudged sentence. We share her reluctance to apply *United States v. Boyd*, 55 M.J. 217 (C.A.A.F. 2001), as the test as that case examined sentencing instructions for prejudice, rather than evidentiary issues like the ones in this case.