# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

**No. 201600174**

————————————

**UNITED STATES OF AMERICA**
Appellee

v.

**JOSEPH E. KING**
Corporal (E-4), U.S. Marine Corps
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Eugene H. Robinson, Jr., USMC.
Convening Authority: Commanding General, III Marine
Expeditionary Force, Okinawa, Japan.
Staff Judge Advocate's Recommendation: Lieutenant Colonel John
M. Hackel, USMC.
For Appellant: Captain Daniel R. Douglas, USMC.
For Appellee: Captain Sean M. Monks, USMC.

————————————

Decided 18 January 2017

————————————

Before CAMPBELL, RUGH, and HUTCHISON, *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent, but may be cited
as persuasive authority under NMCCA Rule of Practice and
Procedure 18.2.**

————————————

HUTCHISON, Judge:

The appellant was convicted, pursuant to his pleas, by a military judge
sitting as a special court-martial, of aggravated assault in violation of Article
128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928. He was
sentenced to reduction to pay grade E-1, forfeiture of $500.00 pay per month
for nine months, a reprimand, and a bad-conduct discharge. The convening

authority (CA) disapproved the reprimand but approved the remainder of the sentence.

The appellant raises two assignments of error (AOE): 1) during presentencing, the military judge abused his discretion when he sustained objections to evidence of the appellant's passive demeanor the morning of the assault and of his contrition following the assault; and, 2) the promulgating order incorrectly states that the appellant was convicted of two specifications. After careful consideration of the record of trial, the appellant's AOEs, and the pleadings of the parties, we find merit in the appellant's second AOE and take corrective action in our decretal paragraph. Following our corrective action, we are convinced that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The appellant and a group of fellow Marines attended Okuma Fest, a large party held in a resort area in Okinawa, Japan. While there, on the evening of 2 May 2015, one of the appellant's friends was punched in the back of the head by an unidentified man wearing a red baseball hat. The next morning, while having breakfast at a nearby restaurant, the appellant and his friends saw the man with the red hat, later identified as Corporal (Cpl) M.D.G., standing in line at the restaurant. As the appellant went to refill his drink, he walked past Cpl M.D.G., "bumped into him," and told him to "move bitch."[1] Upon returning from the drink dispenser, the appellant again passed by Cpl M.D.G., confronted him and, after a short verbal exchange, struck Cpl M.D.G. on the side of his face with the glass he was carrying. The glass smashed against Cpl M.D.G's face and caused several large cuts that required surgery to repair.

The appellant was originally charged at general court-martial with a single specification of maiming and two specifications of aggravated assault, violations of Articles 124 and 128, UCMJ. Following the appellant's motion to dismiss for multiplicity and unreasonable multiplication of charges,[2] the military judge consolidated the two specifications under Charge II into a single specification and permitted the government to go forward on both the maiming charge and the aggravated assault charge as contingencies of proof. Before trial, the appellant entered into a pretrial agreement (PTA) in which he agreed to plead not guilty to maiming, but guilty to the lesser included offense of aggravated assault under Charge I and, separately, to plead guilty

---

[1] Record at 195.

[2] Appellate Exhibit (AE) VI.

to aggravated assault under Charge II.[3] In exchange for his pleas, the government agreed to refer all charges to a special court-martial[4] and to ultimately withdraw and dismiss the greater offense of maiming.[5] Prior to conducting the providence inquiry, the military judge recapped his previous ruling during the general court-martial proceedings regarding multiplicity and unreasonable multiplication of charges:

> I was only allowing both [the] 124 and the 128 offenses to remain on the charge sheet for contingencies of proof, specifically, that I would instruct the members that the Article 128 offense is in fact a lesser included offense of the 124 offense. So in that regard, Corporal King, in Charge I and its [s]ole Specification you have pled guilty to the lesser included offense of assault with a dangerous weapon or means of force in violation of Article 128, UCMJ, which is also the same offense covered by Charge II and its [s]ole Specification to which you have also pled guilty. *So I am viewing this as a single offense.*[6]

In conducting his providence inquiry, the military judge referred to the stipulation of fact agreed to by the appellant and the government.[7] Discussing the facts surrounding the single altercation between the appellant and Cpl M.D.G., the stipulation of fact specifically refers to, and the military judge specifically questioned the appellant about, Charge I.[8] The stipulation of fact does not mention Charge II, and the military judge did not question the appellant about Charge II.

Upon completing the providence inquiry, the military judge had the following exchange with the trial counsel:

> MJ: Trial counsel, what is the government's position regarding the language to which the accused has pled not guilty?

---

[3] AE XVIII at 4.

[4] AE XIX at ¶ 6.

[5] AE XVIII at ¶ 8b.

[6] Record at 76 (emphasis added).

[7] Prosecution Exhibit (PE) 11.

[8] *Id.* at ¶ 4. Of note, the stipulation of fact states the altercation occurred 3 May 2015, while the appellant was charged with committing the aggravated assault "on or about" 2 May 2015. We find no material variance as the date pleaded is reasonably near 3 May 2015. *See United States v. Hunt*, 37 M.J. 344, 347 (C.M.A. 1993) ("The words on or about in pleadings mean that the government is not required to prove the exact date, if a date *reasonably near* is established.") (citations and internal quotation marks omitted).

TC: Sir, in accordance with the pretrial agreement, the greater offense of 124, the government would not intend to go forward at this point. And that greater offense would be dismissed upon pronouncing the sentence and completion of appellate review.

MJ: Very well. That motion is granted.

. . . .

Corporal Joseph E. King, United States Marine Corps, it is my duty as military judge to inform you that this court-martial finds you:

Of the charge now pending before this court and in accordance with your pleas: Guilty.

And more specifically, that would be guilty of a violation of Article 128, and the single specification thereunder of aggravated assault with a weapon or force likely to produce death or grievous bodily harm.[9]

## II. DISCUSSION

### A. Presentencing evidence

The appellant contends that the military judge erred when he excluded 1) testimony regarding Cpl M.D.G.'s intoxication the night prior to the assault;[10] and 2) evidence of the appellant's state of mind prior to the assault – specifically that the appellant had rented jet skis that he and his friends were going to ride after they finished breakfast.[11] RULE FOR COURTS-MARTIAL (R.C.M.) 1001(c)(1), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) states that the defense may present matters in rebuttal of any material presented by the government and any matters in extenuation and mitigation, regardless of whether the defense offered such evidence before the findings. Matters in extenuation may be introduced to explain the circumstances surrounding the commission of an offense and include evidence of the reasons for committing the offense which do not constitute a legal justification or excuse. *Id.* at 1001(c)(1)(A). Mitigation evidence, on the other hand, is evidence which tends to lessen the punishment and includes evidence of particular acts of good conduct or bravery. *Id.* at 1001(c)(1)(B). However, the admission or exclusion of mitigation or extenuation evidence "remains subject

---

[9] Record at 94-95.

[10] Appellant's Brief and Assignments of Error of 18 Aug 2016 at 3-4.

[11] *Id.* at 5-6.

to the rules of evidence and procedure." *United States v. Carter*, 74 M.J. 204, 208 (C.A.A.F. 2015).

We review a military judge's ruling on the admissibility of sentencing evidence for an abuse of discretion, *United States v. Ediger*, 68 M.J. 243, 248 (C.A.A.F. 2010), and will not overturn a military judge's ruling unless it is "'arbitrary, fanciful, clearly unreasonable,' or 'clearly erroneous,'" or influenced by an erroneous view of the law. *United States v. McDonald,* 59 M.J. 426, 430 (C.A.A.F. 2004) (quoting *United States v. Miller*, 46 M.J. 63, 65 (C.A.A.F. 1997)). If we find that a military judge abused his discretion, we must then determine whether the error substantially influenced the adjudged sentence. *See United States v. Boyd*, 55 M.J. 217, 221 (C.A.A.F. 2001) (citing *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)). If it did, then the result is materially prejudicial to the appellant's substantial rights and requires relief. *See United States v. Griggs*, 61 M.J. 402, 410 (C.A.A.F. 2005); Art. 59(a), UCMJ.

In determining whether the error substantially influenced the sentence, "we consider 1) the probative value and weight of the evidence; 2) the importance of the evidence in light of other sentencing considerations; 3) the danger of unfair prejudice resulting from the evidentiary ruling; and 4) the sentence actually imposed, compared to the maximum and to the sentence the trial counsel argued for." *United States v. Edwards*, 65 M.J. 622, 626 (N-M Ct. Crim. App. 2007) (citations omitted).

Assuming *arguendo* that the military judge abused his discretion by erroneously excluding defense presentencing evidence, we find that any such error did not substantially influence the adjudged sentence and, consequently, the appellant suffered no material prejudice to any substantial right.

First, we find the probative value of the proffered evidence to be very low. Whether or not Cpl M.D.G. had been drinking the night prior to the assault was immaterial; the appellant testified that he confronted Cpl M.D.G. at breakfast because the appellant believed Cpl M.D.G. had assaulted one of the appellant's friends the night before.[12] Likewise, despite the military judge's exclusion of testimony from one of the appellant's companions regarding the appellant's demeanor the morning of the assault, much of that evidence was

---

[12] Record at 194-96. Indeed, whether or not Cpl M.D.G. was drunk, or whether or not Cpl M.D.G. was, in fact, the individual that assaulted the appellant's friend the previous night is beside the point. The key fact with regards to extenuation evidence is that the appellant believed he was acting in retaliation for a wrong committed against his friend. That evidence "explain[ing] the circumstances surrounding" the assault was properly before the court and relied upon in assessing a sentence. R.C.M. 1001(c)(1)(A).

before the court. Indeed, the appellant testified to what he was doing and thinking the morning of the assault.[13]

Second, in light of other sentencing considerations–such as the serious nature of the charge and injuries sustained by Cpl M.D.G., the appellant's sworn testimony, the testimony of three superior noncommissioned officers as to the appellant's good military character, the testimony of the appellant's wife, the numerous letters attesting to the appellant's good character, the appellant's letter of apology, and the victim preference letter from Cpl M.D.G.–the excluded evidence was less important.

Third, the danger of unfair prejudice resulting from the military judge's ruling was ameliorated because, as previously noted, the substance of the proffered evidence was introduced by other means and was before the court for sentencing.

Finally, the appellant's adjudged sentence of a bad-conduct discharge, reduction to E-1, and forfeitures of $500.00 pay per month for nine months was well below the jurisdictional maximum that the trial counsel advocated in his sentencing argument.

Considering all of these factors, we conclude that even assuming the military judge erred in excluding extenuation evidence, the appellant was not prejudiced and the errors did not substantially influence the adjudged sentence.

## B. Promulgating order

As the appellant notes, the promulgating order indicates he was convicted of two separate charges for assaulting Cpl M.D.G.[14] The government concedes the "omission amounts to a scrivener's error."[15] While we agree corrective action is warranted, we are not convinced the error lies solely within the court-martial promulgating order.

The military judge clearly intended to convict the appellant of a single aggravated assault specification. However, the appellant pleaded guilty, pursuant to a PTA, to both the lesser included offense under Charge I and the stated offense under Charge II. Contrary to the military judge's ruling on the motion to dismiss, the decision to even charge both Article 124, UCMJ, maiming and its lesser included Article 128, UCMJ, aggravated assault

---

[13] Record at 195. The appellant testified to "going to the jet ski area" to rent jet skis for the day and then joining his companions for breakfast, taking pictures and posting them on Facebook, and "FaceTiming" with his wife on the phone.

[14] Convening Authority's Action of 22 Apr 2016.

[15] Answer on Behalf of Appellee of 17 Nov 2016 at 14.

offense for "contingencies of proof" was improper, as there were none. *See United States v. Hudson*, 59 M.J. 357, 358 (C.A.A.F. 2004) ("Charges reflecting both an offense and a lesser-included offense are impermissibly multiplicious."); R.C.M. 307(c)(4), Discussion ("In no case should both an offense and a lesser included offense thereof be separately charged"). The appellant could not commit the offense of maiming Cpl M.D.G. without also committing an aggravated assault on him. The error was compounded when neither the government nor the military judge ever dismissed either specification. Rather, only the language constituting the greater maiming offense was withdrawn before findings. As a result, when the military judge announced findings of guilty to the "*charge* now pending before this court",[16] both Charge I and Charge II remained. The military judge's statement following the findings announcement arguably exacerbates the confusion. "[S]pecifically, that would be guilty of a violation of Article 128, and the single specification thereunder . . . " appears to clarify a finding of guilty to only Charge II, since it actually alleged a violation of Article 128, UCMJ.[17]

However, based upon the providence inquiry, we are convinced the military judge entered a finding of guilty to only the lesser included offense of aggravated assault under Charge I. The military judge has a duty to ascertain, on the record, the factual basis that establishes that "the acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty." *United States v. Care*, 40 C.M.R. 247, 253 (C.M.A. 1969) (citations omitted); *see also* Art. 45, UCMJ. The appellant must admit every element of the offense to which he pleads guilty. *United States v. Aleman*, 62 M.J. 281, 283 (C.A.A.F. 2006); *see also* R.C.M. 910(e). Indeed, if a military judge fails to establish an adequate basis in law or fact to support the appellant's plea during the *Care* inquiry, the plea will be improvident. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). Notably, we do not find that the military judge here accepted an improvident plea. In fact, since the specifications under the two charges are identical, the military judge's inquiry here was sufficient to find the appellant provident to both charges. But the *Care* inquiry conducted by the military judge is important because it informs our decision regarding the "*charge* now pending before this court" to which the military judge entered a finding of guilty.[18] The military judge's inquiry relied on a stipulation of fact related to Charge I.[19] In discussing the stipulation of fact, the military judge even noted a typographical error:

---

[16] Record at 95 (emphasis added).

[17] *Id.* at 94-95.

[18] *Id.* at 94 (emphasis added).

[19] PE 11 at ¶ 4.

"Charge I, Specification 1, aggravated assault. And, again, that's really Charge I and the Sole Specification thereunder and it's more precisely the lesser included offense of aggravated assault."[20] Neither the stipulation of fact nor the military judge's colloquy with the appellant ever mentions Charge II.

Therefore, we conclude the military judge neither dismissed, nor entered findings for, the multiplicious Charge II and its specification. Consequently, we will dismiss them.

## C. **Post-trial matters**

Although not raised as an AOE, we note the trial defense counsel's post-trial clemency submission requested that the CA "disapprove the bad conduct discharge adjudged at the court-martial."[21] Such action would violate the CA's clemency limitations under Article 60, UCMJ, and R.C.M. 1107 in this case.[22]

The appellant has not asserted his trial defense counsel was ineffective for requesting unauthorized clemency relief. It is the appellant's burden to demonstrate (1) his counsel's performance was deficient to the point of "not functioning as the 'counsel' guaranteed by the Sixth Amendment" and (2) the deficient performance prejudiced the defense. *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (citations and internal quotation marks omitted). An appellant receives "the benefit of the doubt" regarding whether "there is material prejudice to [his] substantial rights" based on "[e]rrors in post-trial representation," as long as "there is an error and the appellant makes some colorable showing of possible prejudice." *United States v. Lee*, 52 M.J. 51, 53 (C.A.A.F. 1999) (citations and internal quotation marks omitted).

As the appellant was awarded no confinement, the only clemency available to him was action on the reprimand, reduction in grade, or the adjudged forfeitures. In the context of this case, we find no basis to conclude not requesting these was legal error. *See United States v. Conrad*, No. 201600142, 2016 CCA LEXIS 535, at *6 n.8, unpublished op. (N-M. Ct. Crim. App. 8 Sep 2016) (per curiam) (finding no legal error where trial defense counsel failed to request an authorized form of clemency, but Conrad "d[id] not contend his trial defense attorney was ineffective for not requesting such

---

[20] Record at 83.

[21] Trial Defense Counsel ltr 5811 Ser DEF/jls of 18 Mar 2016 at ¶ 2.

[22] The National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, 127 Stat. 672 (2013), amended Article 60(c)(4), UCMJ, reducing the CA's ability to effect sentences in cases involving most offenses committed on or after 24 June 2014.

relief"). Nor do we find a colorable showing that the submitted request for unauthorized clemency possibly prejudiced the appellant.[23]

## III. CONCLUSION

Charge II and its sole specification are dismissed. The finding of guilty to the lesser included offense of Charge I and its sole specification (aggravated assault with a force likely to produce death or grievous bodily harm in violation of Article 128, UCMJ) and the sentence, as approved by the CA, are affirmed.

Senior Judge CAMPBELL and Judge RUGH concur.

For the Court



R.H. TROIDL
Clerk of Court

---

[23] While none was submitted here, even briefed arguments on the submission of unauthorized clemency requests alone may not establish a colorable showing of possible prejudice. *See, e.g., United States v. Ouillette*, No. 201600075, 2016 CCA LEXIS 481, at *8, unpublished op. (N-M. Ct. Crim. App. 16 Aug 2016) (finding that trial defense counsel had made a tactical decision to request unauthorized clemency); and *United States v. Mitcham*, No. 201600173, 2016 CCA LEXIS 675, at *7, unpublished op. (N-M. Ct. Crim. App. 29 Nov 2016) (per curiam) (concluding there was no colorable showing of possible prejudice where the appellant provided no evidence to suggest that he desired any authorized relief, or, alternatively, that he was improperly advised regarding any potential clemency).