# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

_____

## No. 201700323

_____

## UNITED STATES OF AMERICA
Appellee

v.

## JOHN W. KMIECIK
Corporal (E-4), U.S. Marine Corps
Appellant

_____

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Colonel Joseph P. Lisiecki, USMCR.
Convening Authority: Commanding General, Marine Corps Recruit Depot/Western Recruiting Region, San Diego, California.
Staff Judge Advocate's Recommendation: Lieutenant Colonel S. F. Thompson, USMC.
For Appellant: Commander Brian L. Mizer, JAGC, USN.
For Appellee: Major David N. Roberts, USMCR;
Captain Sean M. Monks, USMC.

_____

Decided 17 May 2018

_____

Before HUTCHISON, FULTON, and SAYEGH, _Appellate Military Judges_

_____

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

_____

SAYEGH, Judge:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of one specification of violating a lawful general regulation, two specifications of wrongful possession of controlled substances (marijuana and methylenedioxymethamphetamine (MDMA)), one specification of wrongful possession with intent to distribute lysergic acid

diethylamide (LSD), and one specification of wrongful use of marijuana, in violation of Articles 92 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892 and 912a. The convening authority approved the adjudged sentence of 15 months' confinement, reduction to paygrade E-1, forfeiture of all pay and allowances for 15 months, and a bad-conduct discharge, and, except for the punitive discharge, ordered it executed.

In his sole assignment of error, the appellant asserts the military judge abused his discretion during presentencing by admitting a signed acknowledgment from the appellant that he understood the Marine Corps' policy concerning illegal use of drugs.

After careful consideration of the record of trial and the pleadings of the parties, we conclude the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

In March 2017, the appellant used marijuana. That same day he was the subject of a traffic stop aboard Camp Pendleton, California, during which he authorized the military police to search his vehicle. During this search, the military police seized 17 LSD tablets, 2 marijuana cigarettes, a plastic bag containing marijuana, and a pipe that was later found to contain marijuana residue. Also seized were a "Whizzinator" brand artificial penis, plastic syringe, urine specimen bottle, and a bottle of Clear Eyes Redness Relief.[1] The following day, Criminal Investigation Division agents searched the appellant's barracks room and seized another urine specimen bottle, another Whizzinator, a urine bag, and a pack of "cigarillos."[2] Also seized were two notebooks that the appellant admits were used by him to "[record] such information as names of buyers, amount of substances sold, prices, and related information."[3]

During presentencing, the military judge admitted, over the trial defense counsel's (TDC) objections, Prosecution Exhibit (PE) 2, a "Statement of Understanding Marine Corps Policy Concerning Illegal Use of Drugs." This one-page document was signed by the appellant as an "applicant" in 2012 during his enlistment process. The document is also signed by his recruiter and a "MEPS Liaison" as verifiers. This document provides in pertinent part:

> The purpose of this document is to make sure that you completely understand the Marine Corps policy on the illegal

---

[1] Prosecution Exhibit 1 at 6.

[2] *Id.*

[3] *Id.* at 7.

use of drugs. . . The illegal distribution, possession or use of drugs is not tolerated in the United States Marine Corps. . . . I certify that I completely understand the Marine Corps policy on the illegal use of drugs.[4]

## II. DISCUSSION

When a military judge admits evidence in aggravation during sentencing over defense objection, we review for an abuse of discretion. *United States v. Ashby*, 68 M.J. 108, 120 (C.A.A.F. 2009) (citing *United States v. Stephens*, 67 M.J. 233, 235 (C.A.A.F. 2009)). If we conclude the military judge has abused his discretion, we must then determine whether the appellant was materially prejudiced by the admission of evidence that "substantially influenced the adjudged sentence." *United States v. Griggs*, 61 M.J. 402, 410 (C.A.A.F. 2005) (citation omitted).

RULE FOR COURTS-MARTIAL (R.C.M.) 1001(b)(4), MANUAL FOR COURTS-MARTIAL (MCM), UNITED STATES (2016 ed.) provides:

> The trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty. Evidence in aggravation includes, but is not limited to, evidence of financial, social, psychological, and medical impact on or cost to any person or entity who was the victim of an offense committed by the accused and evidence of significant adverse impact on the mission, discipline, or efficiency of the command directly and immediately resulting from the accused's offense.

The prosecution "may present evidence as to any aggravating circumstances *directly relating to or resulting from* the offenses of which the accused has been found guilty." *United States v. Nourse*, 55 M.J. 229, 231 (C.A.A.F. 2001) (citing R.C.M. 1001(b)(4)) (emphasis in original). Aggravation evidence must meet a higher standard than "mere relevance." *United States v. Rust*, 41 M.J. 472, 478 (C.A.A.F. 1995). Further, "[e]ven if admissible under R.C.M. 1001(b)(4), the evidence must pass the balancing test of [MILITARY RULE OF EVIDENCE (MIL. R. EVID.) 403, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.)]." *Ashby*, 68 M.J. at 120.

Citing to *United States v. Hardison*, 64 M.J. 279 (C.A.A.F. 2007), the TDC made a timely objection to PE 2, arguing that it was improper sentencing evidence under R.C.M. 1001(b)(4) because it did not result from, or relate to,

---

[4] PE 2.

the crimes for which the appellant was convicted.[5] The military judge ruled from the bench:

> Okay. I will overrule the objection. [PE] 2 for identification shall be admitted into evidence; the words "for identification" have been stricken. I'll consider it [for] whatever value it may have.[6]

The military judge did not articulate his basis for overruling the defense objection to PE 2. Thus, we are unable to determine how he concluded PE 2 was "directly related to or resulting from" the offenses for which the appellant was found guilty. R.C.M. 1001(b)(4). Likewise, the military judge did not articulate his MIL. R. EVID. 403 analysis. Therefore, we give the military judge's decision no deference and will examine the record ourselves. *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000).

In *Hardison*, the Court of Appeals for the Armed Forces (CAAF) held there was "no way" the signing of a drug policy statement offered by the government to show an accused knew of a service's policy against drug use could be used as valid aggravation where the appellant had no other choice but to sign it. *Hardison*, 64 M.J. at 283. (citing *United States v. Kirkpatrick*, 33 M.J. 132, 133 (C.M.A. 1991). As in *Hardison*, the appellant here had no option but to sign the policy statement as part of his enlistment application. This point was emphasized by the CAAF in *Hardison*:

> In the context of drug offenses, the military's policy on drug use, signed by all recruits, would be equally admissible as aggravating evidence, demonstrating as trial counsel argued in this case, aggravation on the ground that the accused knew the Navy's drug policy and violated it anyway. Such an approach would make the President's choice of the words "directly related" devoid of meaning.

*Id*. at 283.

Following the CAAF's holding in *Hardison*, and given the facts of this case, we find the military judge abused his discretion in admitting PE 2 over the appellant's objection. Having found the military judge abused his discretion, our examination now turns to prejudice; which requires that we determine if the error substantially influenced the adjudged sentence. *Griggs*, 61 M.J. at 410. In determining whether an error substantially influenced the sentence, we "consider 1) the probative value and weight of the evidence; 2) the importance of the evidence in light of other sentencing considerations; 3) the danger of unfair prejudice resulting from the evidentiary ruling; and 4) the

---

[5] Record at 46.

[6] *Id.*

sentence actually imposed, compared to the maximum and to the sentence the trial counsel argued for." *United States v. Edwards*, 65 M.J. 622, 626 (N-M. Ct. Crim. App. 2007) (citations omitted).

The trial counsel (TC) specifically referenced PE 2 in his sentencing argument:

> Sir, you have in front of you [PE] 2, his acknowledgement of the Marine Corps' drug policy. One of the very first documents as a brand new join to the Marine Corps that Corporal Kmiecik would have seen. He knew from the time he entered the Marine Corps that drug use, drug distribution was not tolerated.[7]

However, the military judge indicated on the record that he would only consider PE 2 "for whatever value it may have."[8] This suggests the military judge–an "experienced and professional military lawyer[]"–attached little probative value to this obviously insignificant matter in aggravation. *Hardison*, 64 M.J. at 284 (citing *United States v. McNutt*, 62 M.J. 16, 26 (C.A.A.F. 2005) (quoting *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999)).

Further, PE 2 was relatively unimportant compared to other sentencing considerations. The drug offenses for which the appellant was convicted were extensive and involved four different types of illegal drugs, with the intent to distribute one of them—LSD—for profit.[9] He was also convicted of possessing drug paraphernalia and two –"Whizzinator"—masking devices used to defeat urinalysis testing.[10] His service record was average and included four separate adverse counselings for insubordination, smoking on duty, possession of liquor in the barracks, and possession of synthetic marijuana.[11] As a result, the danger of any unfair prejudice resulting from the military judge's erroneous admission of PE 2 was low. Finally, the adjudged 15-month sentence to confinement and bad-conduct discharge was substantially below the maximum authorized sentence of 26 years and a dishonorable discharge, and the TC's requested sentence of 30 months' confinement and a dishonorable discharge

Considering the record as a whole, we are confident the sentence imposed by the military judge was not substantially influenced by the information

---

[7] Record at 57.

[8] *Id.* at 46.

[9] *Id.* at 33.

[10] *Id.* at 25.

[11] PE 3 at 1-4.

contained in PE 2. Accordingly, we conclude the appellant suffered no material prejudice to a substantial right.

### III. CONCLUSION

The findings and sentence are affirmed.

Senior Judge HUTCHISON and Judge FULTON concur.

For the Court

R.H. TROIDL
Clerk of Court