UNITED STATES, Appellee

v.

Brittany N. OLSON, Airman First Class
U.S. Air Force, Appellant

No. 14-0166

Crim. App. No. S32034

United States Court of Appeals for the Armed Forces

Argued January 27, 2015

Decided April 2, 2015

STUCKY, J., delivered the opinion of the Court, in which
ERDMANN, RYAN, and OHLSON, JJ., joined.  BAKER, C.J., filed a
separate concurring opinion.


Counsel


For Appellant:  Captain Jeffrey A. Davis (argued).


For Appellee:  Major Mary Ellen Payne (argued); Lieutenant
Colonel Katherine E. Oler and Gerald R. Bruce, Esq. (on brief);
Captain Richard J. Schrider.


Military Judge:  Joshua Kastenberg


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Olson, No. 14-0166/AF

Judge STUCKY delivered the opinion of the Court.

We granted review to determine whether the military judge erred by denying Appellant's motion to suppress the fruits of a law enforcement search of her residence. We hold that the military judge's finding that Appellant voluntarily consented to the search was not clearly erroneous, and he did not abuse his discretion in admitting the seized evidence.

## I.  Posture of the Case

A special court-martial composed of officer members convicted Appellant, contrary to her pleas, of violating a lawful general regulation by possessing drug paraphernalia; recklessly spoiling her residence; possessing ketamine, a Schedule III controlled substance; and larceny of 1000 pills of cyclobenzaprine, military property of the United States. Articles 92, 109, 112a, 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 909, 912a, 921 (2012). Appellant was sentenced to a bad-conduct discharge, confinement for four months, forfeiture of $978 pay per month for four months, and reduction to the lowest enlisted grade. The convening authority reduced the period of forfeitures to three months but otherwise approved the adjudged sentence.

A panel of the United States Air Force Court of Criminal Appeals affirmed the approved findings and sentence. United States v. Olson, No. S32034 2013 CCA LEXIS 822, at *8, 2013 WL

2

United States v. Olson, No. 14-0166/AF

5436496, at *3 (A.F. Ct. Crim. App. Sept. 11, 2013) (unpublished).  This Court set aside that judgment and remanded for a hearing on whether the panel that decided her case was properly constituted.  United States v. Olson, 73 M.J. 126 (C.A.A.F. 2013) (summary disposition).  A differently constituted panel reaffirmed the approved findings and sentence, without reference to whether the initial panel was properly constituted.  United States v. Olson, No. S32034 (rem), 2014 CCA LEXIS 175, at *8, 2014 WL 1301527, at *3 (A.F. Ct. Crim. App. Mar. 18, 2014).

## II.  Background

After holding a suppression hearing addressing the voluntariness of Appellant's consent to the search of her residence, the military judge made findings of facts summarized below.

In early August 2011, Appellant's supervisor contacted the Air Force Office of Special Investigations (AFOSI), reporting that Appellant's husband, a civilian, might be a source of drugs on the installation.  On August 17, 2011, agents of the AFOSI had Appellant travel to the AFOSI detachment headquarters to be interviewed, and she arrived about 11:00 a.m.  At the request of the AFOSI agents, she relinquished her cell phone during the interview.  Her phone was not searched.

Appellant was taken into a conference room, not a small interview room. She was not restrained in any manner. The agents did not intimidate her through threats or loud conduct. She completed an information form. The agents advised Appellant that her husband was suspected of distributing illegal drugs on base and that he had been arrested by Calvert County, Maryland, police. The agents asked for consent to search her residence, which she was reluctant to give. Appellant wanted to telephone her husband but was dissuaded from doing so by the agents. At the time, Appellant resided off base with her husband in Maryland, although he had been absent from the house since July. During a smoke break outside the building, an agent tried to convince her to consent to the search. Appellant understood that the agents could try to convince her to consent, and she worried that they were trying to get her in trouble.

The military judge noted that Appellant testified on the motion that the agents had told her they would get a search warrant if she declined to consent but that none of the agents confirmed that. He did not make a finding as to whether an agent actually made the statement about getting a search warrant. Instead, he concluded: "Whether or not this statement was made, the accused may have inferred or deduced that this statement was made or was the case based on the surrounding circumstances and her own knowledge of law enforcement."

At approximately 1:00 p.m., Appellant provided consent for the agents to search her home. The military judge found that the agents never informed her that she was a suspect prior to her providing consent: "The consent form does not include a statement of suspicion or knowledge of wrongdoing." Appellant drove to her residence, followed by the AFOSI agents, who, with the assistance of local civilian police, searched the residence between 2:00 p.m. on August 17, and 12:40 a.m. on August 18.

At about 1:00 a.m. on August 18, Appellant, under Article 31, UCMJ, 10 U.S.C. § 831 (2012), rights advisement, provided consent to search her vehicle, and at 4:00 a.m. she admitted knowing that drug paraphernalia was located in her residence. She also consented to a urinalysis.

At trial, Appellant moved to suppress the fruits of the search of her residence and all derivative evidence, including her confession, arguing that her consent was involuntary.

### III. Discussion

"A military judge's decision to admit or exclude evidence is reviewed for an abuse of discretion." United States v. Jasper, 72 M.J. 276, 279 (C.A.A.F. 2013). A military judge abuses his discretion if "his findings of fact are clearly erroneous or his conclusions of law are incorrect." United States v. Wicks, 73 M.J. 93, 98 (C.A.A.F. 2014), reconsideration denied, 73 M.J. 264 (C.A.A.F. Mar. 24, 2014).

The Fourth Amendment protects persons from unreasonable searches of, and seizures from, their homes. U.S. Const. amend IV. A warrantless search is per se unreasonable "subject only to a few specifically established and well-delineated exceptions," one of which is "a search that is conducted pursuant to consent." Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (internal quotation marks and citations omitted).

"Searches may be conducted of any person or property with lawful consent." Military Rule of Evidence (M.R.E.) 314(e)(1). "To be valid, consent must be given voluntarily." M.R.E. 314(e)(4). The test for voluntariness is whether the consent was Appellant's own "'essentially free and unconstrained choice'" or was her will overborne and her "'capacity for self-determination critically impaired.'" United States v. Watson, 423 U.S. 411, 424 (1976) (quoting Bustamonte, 412 U.S. at 225). The prosecution has the burden of proving consent by clear and convincing evidence. M.R.E. 314(e)(5).

"[W]hether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." Bustamonte, 412 U.S. at 227; see United States v. Piren, 74 M.J. 24, 28 (C.A.A.F. 2015); M.R.E. 314(e)(4). We review the evidence in the light most favorable to the prevailing party at trial. Piren, 74 M.J. at 28. "We will not

6

overturn a military judge's finding that a consent to search was voluntary unless it is unsupported by the evidence or clearly erroneous." United States v. Kitts, 43 M.J. 23, 28 (C.A.A.F. 1995); accord Piren, 74 M.J. at 28.

Although recognizing that voluntariness is determined from the totality of the circumstances, this Court has focused on six nonexclusive factors to assist in analyzing the voluntariness of a consent to search. United States v. Wallace, 66 M.J. 5, 9 (C.A.A.F. 2008). As explained below, the military judge applied his findings of fact to each of the six factors in deciding that Appellant voluntarily consented to the search:

"(1) [T]he degree to which the suspect's liberty was restricted." Id. Although he recognized that Appellant's liberty was nominally restricted, because the AFOSI agents held Appellant's cell phone during the interview, the military judge found that Appellant's liberty was not restricted. This finding is not clearly erroneous. Although in addition to the cell phone sequestration, Appellant was directed to go to the AFOSI offices and she was escorted by an agent while she took a smoke break to think about consenting to the search, these incidents did not amount to restrictions on her liberty. As the military judge found, Appellant "was not placed in a locked room, handcuffed or physically restrained and prevented from leaving.

She was not escorted to AFOSI and she was free to leave at any time between 1100 and 1300 hours on 17 August."

"(2) [T]he presence of coercion or intimidation." Id. The military judge found that the AFOSI agents did not threaten or bully Appellant into consenting.

"(3) [T]he suspect's awareness of her right to refuse to consent based on inferences of the suspect's age, intelligence, and other factors." Id. The military judge found that "[i]nferentially," Appellant "was aware of her right to refuse to consent," based on "some knowledge of law enforcement tactics." We conclude that Appellant's knowledge of her right to refuse to consent was actual, not just inferential. Appellant signed a consent for search and seizure form that included the following language: "I know that I have the legal right to either consent to a search, or to refuse to give my consent. . . . I also understand that if I do not consent, a search cannot be made without a warrant or other authorization recognized in law."

Appellant was a married, twenty-six-year-old high school graduate, who had attended some college. She had been in the Air Force for four years. She felt free to ask an AFOSI agent questions about the consent to search form and did not sign until after she had taken a smoke break so she could think about it. During that break, Appellant told an AFOSI agent that she

8

was aware that agents tried to talk people into doing things they might not otherwise do.

"(4) [T]he suspect's mental state at the time." Id. The military judge found that Appellant "was upset on learning from AFOSI that her husband had been arrested but in spite of this she had the ability to make a rational decision."

"(5) [T]he suspect's consultation, or lack thereof, with counsel." Id. The military judge found that Appellant did not consult with counsel because she had not been informed that she was a suspect and had not been advised of her rights. We note that the consent to search form which Appellant signed stated that she had been advised "that the nature of the offense(s) of which I am suspected (matters concerning which I may have knowledge) is/are as follows: Art. 112a wrongful use, possession, or distribution of controlled substances."

"(6) [T]he coercive effects of any prior violations of the suspect's rights." Id. The military judge found that there were no prior violations of the accused's rights but expressed concern that Appellant was actually a suspect and perhaps should have been advised of her right to counsel. AFOSI agents may not interrogate or request a statement from a suspect without first informing her of her right to remain silent and her right to counsel. M.R.E. 305(c); Article 31(b), UCMJ. Although Appellant was a suspect and should have been advised of her

rights, this failure did not result in a coercive effect.  No statements Appellant made before she was advised of her rights were entered into evidence.

On the whole, we agree with the military judge's specific findings as to the Wallace factors.  His finding that Appellant voluntarily consented to the search of her home is not clearly erroneous under the totality of the circumstances.  Appellant's consent to search was a product of her free and unconstrained choice, not a result of duress or coercion, express or implied. The military judge did not abuse his discretion in admitting evidence derived from that consent to search.

### IV.  Judgment

The judgment of the United States Air Force Court of Criminal Appeals is affirmed.

United States v. Olson, No. 14-0166/AF

BAKER, Chief Judge (concurring):

The lead opinion concludes: "Although Appellant was a suspect and should have been advised of her rights, this failure did not result in a coercive effect." United States v. Olson, __, __ (9-10) (C.A.A.F. 2015). This is a fair conclusion drawn from the Wallace factors. United States v. Wallace, 66 M.J. 5, 9 (C.A.A.F. 2008). There is no evidence the consent was coerced. However, the issue in this case is whether Appellant's consent to search was voluntary. To determine the consent was voluntary, the totality of the circumstances must be considered, which may include more than just the six Wallace factors. Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973). This case requires that we consider the additional fact that Appellant was not told she was a suspect when she gave her consent in order to determine whether her consent was voluntary.

Therefore, I would look in particular at factor six of the Wallace factors addressing the "coercive effects of any prior violations of the suspect's rights" as well as beyond the Wallace factors to answer the question. Wallace, 66 M.J. at 9. Why, notwithstanding the fact that the military judge found Appellant should have been read her Article 31(b), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 831(b) (2012), rights, does the totality of the circumstances nonetheless favor a finding of voluntary consent? See Schneckloth, 412 U.S. at 227.

Knowledge that one is a suspect, for example, might well impact one's decision to consult with counsel, factor five of the Wallace framework.  Wallace, 66 M.J. at 9.  Voluntary consent must also be willful and knowing.  See Schneckloth, 412 U.S. at 225-26.  What is voluntary in the context of a continuum of ordinary law enforcement tactics will vary and thus is measured by the totality of the circumstances.  Wallace, 66 M.J. at 9 (citing Schneckloth, 412 U.S. at 226-27).  In this case, those circumstances include the obfuscation by law enforcement officers as to whether Appellant was a suspect at the time she was asked for consent while in the Air Force Office of Special Investigations (AFOSI) control.

However, the totality of the circumstances includes four other facts as well.  Appellant knew, or should have known, she was a potential suspect.  Special Agent Burch testified that Appellant told him during the cigarette break that she was "well aware of the things we [law enforcement] say and how we word things to get people to do what we want."  She signed a form indicating she did not have to consent.  The military judge observed and found Appellant to be a person of sufficient age, experience, and intelligence to understand and adapt to the circumstances with which she was confronted.  Finally, while Appellant may have felt some pressure to consent while under AFOSI control, in contrast to many such scenarios, Appellant was

2

then given the opportunity to drive alone in her car for forty minutes while guiding AFOSI to her residence, and did so without wavering in her decision to consent.  In my view, Appellant's consent not only was not coerced, it was voluntary.  Therefore I concur.