STUCKY, Judge
(concurring in the result):
In essence, the majority concludes that an appellant may seek credit for illegal pretrial punishment from the military judge and still present evidence of such illegal pretrial punishment to the court members as mitigation. Under this Court’s current jurisprudence and interpretation of Rule for Court-Martial 1001(c)(2), I agree. I disagree with the Court’s holding that the military judge did not abuse her discretion in excluding the evidence. Nevertheless, I concur in the result because Appellant was not prejudiced.
A military judge abuses her discretion if her findings of fact are clearly erroneous or her conclusions of law are incorrect. United States v. Olson, 74 M.J. 132, 134 (C.A.A.F.2015). The Court correctly holds that the military judge’s conclusion of law — that Appellant was not entitled to both request credit from the military judge for illegal pretrial punishment and present evidence of such to the court members — was incorrect. Therefore, the military judge abused her discretion.
It matters not that the law was “unsettled” at the time of her decision. “[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for eases in which the new rule constitutes a ‘clear break’ with the past.” Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987); see also Henderson v. United States, — U.S. -, 133 S.Ct. 1121, 1124-25, 185 L.Ed.2d 85 *210 (2013) (holding that even when an appellate court reviews for plain error because the appellant failed to timely assert his claim at trial, whether the law was settled or unsettled at the time of trial, the error is plain as long as it was plain at the time of appellate review). Appellant raised the issue at trial and is entitled to the benefit of this Court’s ruling that the excluded evidence was admissible.
Nevertheless, I conclude Appellant was not prejudiced by the military judge’s error. See Article 59(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 859(a) (2012). Appellant was convicted of committing an indecent 'act, which carried a maximum sentence of a dishonorable discharge and confinement for five years. Manual for Courts-Martial, United States pt. IV, ¶45.£(6) (2008 ed.). Had the military judge permitted Appellant to present the excluded evidence, she no doubt would-have instructed the members that the parties had agreed, and she had ordered, that Appellant was entitled to a credit of twenty-five days against any sentence to confinement because of the illegal pretrial punishment. A defense witness testified that he was aware that Appellant had wrongfully used a Schedule II controlled substance and had urinated on his commander’s vehicle. Court members sentenced Appellant to a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. In light of all of the facts and circumstances, the error in excluding the evidence did not have a substantial influence on the sentence adjudged by the court-martial. See United States v. Custis, 65 M.J. 366, 371 (C.A.A.F.2007).