# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, HAGLER, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Private First Class NATHANIEL E. ALLEN**
**United States Army, Appellee**

ARMY MISC 20180285

Headquarters, 7th Infantry Division
Timothy P. Hayes, Jr., Military Judge (arraignment)
Lanny J. Acosta, Jr., Military Judge (motions hearing)
Colonel Russell N. Parson, Staff Judge Advocate

For Appellant: Captain Catharine M. Parnell, JA (argued); Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Captain Allison L. Rowley, JA; Captain Catharine M. Parnell, JA (on brief); Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Captain Catharine M. Parnell, JA (on reply brief).

For Appellee: Captain Benjamin A. Accinelli, JA (argued); Lieutenant Colonel Christopher D. Carrier, JA; Captain Patrick G. Hoffman, JA; Captain Benjamin J. Wetherell, JA; Captain Benjamin A. Accinelli, JA (on brief).

14 August 2018

-------------------------------------------------------------------------
MEMORANDUM OPINION AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
-------------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BURTON, Senior Judge:

Appellee stands accused of one specification of attempted indecent visual recording, two specifications of false official statement, and one specification of indecent visual recording, in violation of Articles 80, 107, and 120c, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 907, and 920c (2016) [UCMJ]. This case is before this court pursuant to a government appeal filed under Article 62, UCMJ.

In its appeal, the government challenges the military judge's decision to suppress certain statements of the accused and the contents of his cell phone. We find the military judge's ruling is ambiguous and incomplete on several predicate issues. Therefore, we must return the matter to the military judge for clarification and action in accordance with the decision below.

## BACKGROUND

The charged offenses involve allegations the accused recorded or attempted to record soldiers in toilet stalls at the National Training Center (NTC), Fort Irwin, California.

On 12 April 2018, trial defense counsel filed a motion to suppress certain statements of the accused to law enforcement and the contents of his cell phone. On 20 April 2018, the government filed its response. The parties consented to the military judge considering the motions and attachments in making his ruling. The parties also stipulated to certain facts in the motions.

At the motions hearing, three different witnesses testified and the parties entered into a stipulation of testimony for a fourth witness. Notably, the accused himself testified. His testimony spanned over forty pages and addressed his interactions with law enforcement on the night in question. Among other things, the accused testified about: (1) how he felt physically that night, (2) his state of mind when he waived his rights and provided a statement, (3) his state of mind when he provided consent to search his cell phone, and (4) the effect of his prior unwarned statements and other attending circumstances.

On 9 May 2018, the military judge granted the defense motion to suppress. In his ruling, the military judge addressed the voluntariness of the accused's statements to Criminal Investigation Command (CID) and the voluntariness of his consent to search his cell phone and provide his numeric passcode (PIN). For his annotated findings of fact, the military judge primarily adopted portions of the written motions. The military judge's remaining findings of fact involve three sentences, none of which address the accused's testimony at the motions hearing.

In his ruling, the military judge first determined the accused's statements to CID were not voluntary based on the "totality of the circumstances." Within his analysis, the military judge did not list any circumstances besides the lack of a cleansing statement. The military judge next determined the accused's consent to search his cell phone and provide his PIN was also not voluntary. For these issues, the military judge again discussed the lack of a cleansing statement, but then briefly cited to "further evidence," to include the accused falling asleep in the interrogation room after waiting to be interviewed for several hours. Following the military judge's ruling, the government filed a timely appeal under Article 62, UCMJ.

**LAW AND DISCUSSION**

As our superior court has explained, the standard of review we apply in an appeal by the United States of a military judge's suppression ruling is necessarily deferential:

> "We review a military judge's ruling on a motion to suppress for abuse of discretion." *United States v. Rodriguez*, 60 M.J. 239, 246 (C.A.A.F. 2004) (citing *United States v. Monroe*, 52 M.J. 326, 330 (C.A.A.F. 2000)). "In reviewing a military judge's ruling on a motion to suppress, we review factfinding under the clearly-erroneous standard and conclusions of law under the de novo standard." *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995). "Thus on a mixed question of law and fact . . . a military judge abuses his discretion if his findings of fact are clearly erroneous or his conclusions of law are incorrect." *Id.* The abuse of discretion standard calls "for more than a mere difference of opinion. The challenged action must be 'arbitrary, fanciful, clearly unreasonable, or clearly erroneous.'" *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010) (quoting *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010)).
>
> When reviewing matters under Article 62(b), UCMJ, [a service] court may act only with respect to matters of law. *United States v. Gore*, 60 M.J. 178, 185 (C.A.A.F. 2004). "When a court is limited to reviewing matters of law, the question is not whether a reviewing court might disagree with the trial court's findings, but whether those findings are 'fairly supported by the record.'" *Id.* (quoting *United States v. Burris*, 21 M.J. 140, 144 (C.M.A. 1985)). When reviewing a ruling on a motion to suppress, "we consider the evidence in the light most favorable to the prevailing party." *United States v. Cowgill*, 68 M.J. 388, 390 (C.A.A.F. 2010) (quoting *United States v. Reister*, 44 M.J. 409, 413 (C.A.A.F. 1996)).

*United States v. Baker*, 70 M.J. 283, 287-88 (C.A.A.F. 2011). *See also United States v. Henning*, 75 M.J. 187, 190-91 (C.A.A.F. 2016).

However, in conducting such a review, "[t]he appropriate remedy for incomplete or ambiguous rulings is a remand for clarification." *United States v.*

*Kosek*, 41 M.J. 60, 64 (C.M.A. 1994)). *See also United States v. Lincoln*, 42 M.J. 315, 320 (C.A.A.F. 1995) (explaining the appropriate remedy for incomplete or ambiguous findings is to remand for clarification or for additional findings).

For several reasons, we conclude such a remand is required in this case.

First, the military judge's annotated findings of fact are almost exclusively rooted in adopting the written motions of both parties. As such, the military judge's ruling does not adequately address the additional testimony from the motions hearing. The absence of such findings is problematic for our review, as we "may not make findings of fact in this case." *Lincoln*, 42 M.J. at 320.

For example, in their briefs and at argument, the parties cite to the accused's testimony as either undercutting or buttressing the military judge's ruling. This testimony, however, is not explicitly addressed in the ruling itself. In essence, the parties are asking this court to fill in the gaps resulting from the military judge's limited findings and analysis of the motions hearing. In line with our superior court's guidance, we decline to overstep our boundaries in this context.

Second, it is ambiguous whether the military judge meant to compartmentalize his "totality of the circumstances" analysis for the accused's statements to CID. Unsurprisingly, the parties disagree on this point. The government asserts the military judge's analysis of the accused's statement stands alone and is not colored by the later analysis of the accused's consent to search his cell phone and providing his PIN. By contrast, the accused asserts certain circumstances addressed in the subsequent analysis should be logically imputed back to the initial analysis. Both sides cite contextual language in the ruling to support these diametrically opposed positions.

Despite the parties adopting black-and-white positions over the military judge's apparent intent, we find this issue contains shades of gray. Simply put, it is unclear to us whether the military judge meant to separate or conjoin portions of his analyses. We are equally unsure over which, if any, of the adopted findings the military judge applied to each issue. Again, in such circumstances, "[t]he appropriate remedy . . . is a remand for clarification." *Kosek*, 41 M.J. at 64.

Third, our difficulty is magnified by the military judge's statements that reveal he may have erroneously ascribed categorical weight to the lack of a cleansing statement. For example, in his analysis of the cell phone, the military judge stated, "[W]here the government fails to provide the accused his rights warning and the accused provides incriminating information, his subsequent consent to a search is unlawfully obtained when no cleansing statement is provided." This reads like a categorical pronouncement of law, implying that the cleansing statement is the single criterion the military judge considered for this issue. However,

4

following this language, the military judge briefly discussed additional evidence before determining the government failed to meet its burden under the "totality of the circumstances."

Similarly, in his ruling regarding the accused's statements to CID, the military judge referenced the "totality of the circumstances," but then said the rights waivers were "*tainted* by the lack of a cleaning statement and *thus* not knowing and voluntary," and called the lack of a cleaning statement a "fatal flaw" in this case. Taken together, these statements imply the military judge may not have actually considered the totality of the circumstances, but rather applied the "cat-out-of-the-bag" test, in which an unwarned statement fatally taints an accused's later statement.

To be clear, we are not suggesting that a military judge must discuss every fact each time he examines the totality of the circumstances. But if a military judge appears to rely almost exclusively on one circumstance—in this case, the lack of a cleansing statement—it is difficult to assess how much weight he gave to other relevant circumstances. Upon remand, the military judge can clarify the exact weight associated with the lack of a cleansing statement in his analyses of these issues. *See, e.g.*, *United States v. Olson*, 74 M.J. 132, 134-35 (C.A.A.F. 2015) (analyzing the military judge's application of the six nonexclusive factors used to assist in analyzing the voluntariness of a consent to search); *United States v. Brisbane*, 63 M.J. 106, 114-16 (C.A.A.F. 2006) (analyzing the voluntariness of a confession obtained subsequent to an earlier, unwarned statement).

For the reasons above, we therefore hold that the military judge's ruling is ambiguous, incomplete, and insufficient for us to perform a proper review under Article 62, UCMJ.[*]

## CONCLUSION

The appeal of the United States pursuant to Article 62, UCMJ, is GRANTED. The ruling of the military judge is vacated and the record of trial will be returned to the military judge for action not inconsistent with this opinion. We make no ruling as to the admissibility of the evidence in question.

---

[*] We expressly note that our sister court has countenanced the use of supplemental rulings by military judges in cases where the government files a timely notice of appeal. *United States v. Catano*, 75 M.J. 513 (A.F. Ct. Crim. App. 2015). In approving this practice, our sister court pointed out, "[t]he Supreme Court has noted the wisdom of allowing trial courts 'the opportunity to promptly correct their own alleged errors,' as opposed to imposing added and unnecessary burdens on appellate courts." *Id*. at 516-17 (quoting *United States v. Dieter*, 429 U.S. 6, 8 (1976)).

The military judge may, sua sponte or on request of a party, permit additional evidence and argument on any matter relevant to the suppression motion, to include the scope of consent issue that was not part of this appeal. The military judge shall make detailed findings of fact and conclusions of law to support his ruling. The trial may then proceed or the United States may again pursue appeal under Article 62, UCMJ, if appropriate.

Judge FLEMING concurs.

HAGLER, Judge, concurring:

Because this court's decision will allow the military judge to clarify his findings of fact and the basis for his decision, I concur with the majority opinion. But I write separately to explain why, in my view, the military judge's ruling is at best ambiguous and what he might have done to help us resolve this appeal directly.

This case puts us in an unusual situation, since we cannot find facts in an Article 62 appeal. If this was not such a case, I might be inclined to overturn the military judge's ruling. I find scant support in the record for some of the military judge's conclusions, which make no reference to the testimony given in the motions hearing. I might also find he erroneously applied the law.

I recognize that we must give deference to the military judge's ruling, but I find it hard to do so when he made no findings of fact reflecting the extensive, and often contradictory, motions hearing testimony in this case. The accused's testimony alone accounts for 42 pages of the transcript, and his testimony is highly probative of the voluntariness of both his confession and his consent to search.

For example, the accused testified on direct examination that he had already told law enforcement "everything," yet it is plain from his two previous statements that his purpose was to deny all criminal misconduct. On cross-examination, the accused acknowledged he did not admit to any crime in these statements. Because the military judge did not address this testimony in his ruling, it is difficult to see how the accused's prior statements tended to overbear his will and to coerce his confession to criminal conduct.

Similarly, the accused testified on cross-examination that his previous statements did not impact his ultimate decision to confess. Yet the military judge ruled, "Because the accused believed his previous statements could be used against him, his subsequent waivers were tainted by the lack of a cleansing statement and thus not knowing and voluntary." Again, the military judge's findings of fact are silent on the motions hearing testimony, so it is difficult to see how the military judge weighed the accused's testimony, or whether he even considered it, as part of his totality of the circumstances analysis.

6

Finally, I wholly support the use of supplemental rulings, as endorsed by our sister court in *Catano* and mentioned in a footnote of the lead opinion. Had the military judge issued a supplemental ruling with a more complete discussion, this court may have been able to rule on this appeal directly, rather than returning the case for clarification. Or the government may have elected not to appeal, as appellate counsel acknowledged during oral argument. To me, the use of supplemental rulings might affect a significant number of Article 62, UCMJ, appeals and thereby promote efficiency in the system.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court