# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant JOSHUA R. PRUETT**
**United States Army, Appellant**

ARMY 20180368

Headquarters, 1st Infantry Division and Fort Riley
Robert L. Shuck, Military Judge
Colonel Jerrett W. Dunlap, Jr., Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Angela D. Swilley, JA; Major William M. Grady, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Craig Schapira, JA; Captain Brian Jones, JA (on brief).

25 November 2019

---------------------------------
SUMMARY DISPOSITION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Per Curiam:

Appellant raises four assignments of error, one of which merits discussion and relief. Specifically, we find the military judge abused his discretion in denying appellant's motion to suppress his statement to Special Agent (SA) ET, and the error is not harmless beyond a reasonable doubt.[1] Because of the relief provided in the decretal paragraph, we need not reach the remaining assignments of error, nor the matters personally raised by appellant.[2]

---

[1] The government concedes error and an inability to establish harmlessness in its brief.

[2] A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of sexual abuse of a child, in violation of Article

(continued . . .)

## BACKGROUND

The government charged appellant with, among other things, one specification of raping and several specifications of sexually abusing his three biological daughters, all under the age of twelve at the time of the alleged abuse.

As part of the investigation into the allegations, appellant was interviewed by Army Criminal Investigations Command (CID) SA ET. After gathering some administrative information and engaging in some preliminary discussions unrelated to the allegations, SA ET advised appellant of his Article 31, UCMJ, rights. After appellant indicated he understood his rights, the following colloquy ensued:

> SA ET: "Do you want to talk to me at this time?"
>
> Appellant: "No."
>
> SA ET: "Okay. So, do you want a lawyer?"
>
> Appellant: "No."
>
> SA ET: "Or you want . . . so which one is it? You want a lawyer, or you want to talk to me?"
>
> Appellant: "We can talk."

Special Agent ET then began questioning appellant about the allegations of rape and sexual abuse, and appellant made significant incriminating admissions related to the charged conduct.

Before trial, appellant moved to suppress his statements to SA ET. The military judge denied the motion, concluding that appellant's "No" response was ambiguous. The military judge further reasoned that appellant's subsequent statements that he did not want a lawyer and "We can talk," clarified the ambiguity, permitting continued questioning by SA ET.

Appellant's video-recorded CID interview with SA ET was ultimately admitted at trial as Pros. Ex. 23.

---

(. . . continued)
120b, Uniform Code of Military Justice, 10 U.S.C. § 920b [UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge and confinement for six years.

**LAW AND DISCUSSION**

"A military judge's decision to exclude evidence is reviewed for an abuse of discretion." *United States v. Lewis*, 78 M.J. 447, 452 (C.A.A.F. 2019) (citation omitted). A military judge abuses his discretion if his findings of fact are clearly erroneous or his conclusions of law are incorrect. *Id.* (citing *United States v. Olson*, 74 M.J. 132, 134 (C.A.A.F. 2015)). Whether an accused has invoked his right to silence is a question of law. *United States v. Sager*, 36 M.J. 137, 139 n.2 (C.M.A. 1992). Questions of law are reviewed de novo. *United States v. Rittenhouse*, 62 M.J. 509, 511 (Army Ct. Crim. App. 2005) (citing *United States v. Kosek*, 41 M.J. 60, 63 (C.M.A. 1994)).

During law enforcement questioning, if an accused "indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." *Miranda v. Arizona*, 384 U.S. 436, 473-74 (1966). Once an accused has exercised his or her "right to cut off questioning," the right must be "scrupulously honored." *Michigan v. Mosley*, 423 U.S. 96, 104 (1975). "[N]o particular words or actions are required to exercise one's Fifth Amendment right to silence," but the "invocation must be unequivocal before all questioning must stop." *United States v. Traum*, 60 M.J. 226, 230 (C.A.A.F. 2004); *see also Berghuis v. Thompkins*, 560 U.S. 370, 381 (2010) (adopting the *Davis v. United States*, 512 U.S. 452, 459 (1994) unequivocal invocation of the right to counsel standard in cases involving the invocation of the right to silence).

Whether an accused has invoked his or her right to silence is an "objective inquiry." *Thompkins*, 560 U.S. at 381. The inquiry analyzes whether an accused's invocation is "sufficiently clear that a reasonable police officer in the circumstances would understand the statement to be a request . . . to remain silent." *United States v. Delarosa*, 67 M.J. 318, 324 (C.A.A.F. 2009) (citing *Davis*, 512 U.S. at 459). Courts may consider the circumstances "preceding, as well as concurrent with, the invocation in the course of addressing the issue of ambiguity." *Id.*

If an accused unequivocally invokes his or her right to remain silent, "questioning must cease immediately." Mil. R. Evid. 305(c)(4). If, however, the invocation is equivocal or ambiguous, law enforcement agents are not required to halt questioning. *Thompkins*, 560 U.S. at 381-82. "The term 'equivocal' means having different significations equally appropriate or plausible; capable of double interpretation; ambiguous." *Rittenhouse*, 62 M.J. at 511 (citations omitted). The government cannot use statements made *after* an unambiguous invocation to "cast doubt on the adequacy of the initial request" to remain silent. *Smith v. Illinois*, 469 U.S. 91, 98-99 (1984).

Based on our review of appellant's interview with SA ET, we find his response of "No" to SA ET's question, "Do you want to talk to me at this time," was neither equivocal nor ambiguous.

In his ruling, the military judge relied on our superior court's decision in *Delarosa*, 67 M.J. at 325, for the premise that the phrase "No" is not *per se* unambiguous, so it is necessary to consider the surrounding circumstances of appellant's invocation. We agree with the military judge that it is necessary to consider the circumstances "preceding, as well as concurrent with, the invocation in the course of addressing the issue of ambiguity." *Id.* at 324. However, using an accused's "subsequent responses to cast doubt on the adequacy of the initial [invocation] *itself* is . . . intolerable." *Smith*, 469 U.S. at 98-99 (emphasis in original).

Considering the circumstances preceding and concurrent with appellant's invocation, we find his response of "No" was unambiguous, and a reasonable law enforcement officer would understand appellant's response to be an invocation of his right against self-incrimination.[3] As appellant's invocation of his right against self-incrimination was unambiguous, it was improper for the military judge to consider appellant's subsequent responses to SA ET to "cast doubt on the adequacy" of appellant's invocation. *Smith*, 469 U.S. at 98-99. Because appellant's invocation was unambiguous and the military judge erred in his application of the law to appellant's suppression motion, we find the military judge abused his discretion in failing to suppress appellant's statement to SA ET.

Finding that appellant's invocation was unambiguous and his statement should have been suppressed does not end our analysis, as we must still determine whether appellant was prejudiced by the error. Because an appellant's right to remain silent is of constitutional magnitude, the government bears the burden to demonstrate the error was harmless beyond a reasonable doubt. *United States v. Tovarchavez*, 78 M.J. 458, 466 (C.A.A.F. 2019) (citing *Chapman v. California*, 386 U.S. 18, 24 (1967)). An error is harmless beyond a reasonable doubt when "there was no reasonable possibility that the error might have contributed to the conviction." *Id.* at 460.

Consistent with the government's concession, we are not convinced that appellant's erroneously admitted statements did not contribute to his convictions. An accused's "confession is probably the most probative and damaging evidence that can be admitted against [an accused]." *Arizona v. Fulminante*, 499 U.S. 279, 296

---

[3] We note that SA ET appeared to have been under the mistaken belief that an accused's right against self-incrimination and right to consult with an attorney are somehow mutually exclusive.

(1991). The government relied on appellant's "probative and damaging" confession in closing argument, and as noted in its brief, the government offered "relatively little testimonial [or] physical evidence" at trial to prove the allegations against appellant. The probative value of appellant's confession, without other overwhelming evidence of guilt, precludes us from being convinced that the erroneously admitted CID interview did not contribute to his convictions.

## CONCLUSION

The military judge abused his discretion denying appellant's motion to suppress his statement to SA ET, and the error is not harmless beyond a reasonable doubt. Accordingly, the findings and sentence are SET ASIDE. A rehearing is authorized.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court